RIEMER & ASSOCIATES LLC
Attorneys for Plaintiff
Office and Post Office Address
60 East 42nd Street, Suite 2430
New York, New York  10165
(212) 297-0700

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
CRAIG FASHBAUGH,                                                          07 CV 5791

                             Plaintiff,                                 COMPLAINT

       -against-

CONTINENTAL ASSURANCE COMPANY and
HARTFORD LIFE AND ACCIDENT INSURANCE
COMPANY,

                             Defendants.
-----------------------------------------------------------------X

        Plaintiff, Craig Fashbaugh, by his attorneys, Riemer & Associates LLC, complaining of defendants alleges:

        1.       This is an action arising under the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §1001, *et. seq.,* to recover benefits due under an employee benefit plan, to clarify the rights of plaintiff to future benefits under such plan, and to recover attorney fees and costs.

        2.       This Court has subject matter jurisdiction pursuant to Section 502(e)(1) of ERISA, 29 U.S.C. §1132(e)(1) and 28 U.S.C. §1331.  Under Section 502(f) of ERISA, 29 U.S.C. §1132(f), this Court has jurisdiction without respect to the amount in controversy or the citizenship of the parties.

3. Venue is properly in this district pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. §1132(e)(2), in that the Plan as hereinafter defined is administered in this district and the defendants reside or may be found in this district.

4. At all relevant times, plaintiff was and is a participant within the meaning of Section 3(7) of ERISA, 29 U.S.C. §1002(7), in the Continental Assurance Company's Long Term Disability Plan (the "Plan").

5. At all relevant times, the Plan is and has been an "employee welfare benefit plan" within the meaning of Section 3(1) of ERISA, 29 U.S.C. §1002(1).

6. At all relevant times, Continental Assurance Company ("CNA") and Hartford Life and Accident Insurance Company ("Hartford") have been the claims administrators of the Plan within the meaning of ERISA §3(16)(A), 29 U.S.C §1002(16)(A); and have been fiduciaries under the Plan within the meaning of ERISA §3(21)(A), 29 U.S.C §1002(21)(A).

7. The benefits under the Plan are funded by Group Policy No. L10015 issued by CNA.

8. Plaintiff was employed as a Project Manager at Continental Insurance Company.

9. As an employee of Continental Insurance Company, plaintiff was provided with long term disability insurance coverage under the Plan.

10. On June 16, 1996, plaintiff was rendered totally disabled within the meaning of the Plan as a result of his HIV disease.

11. Benefits were paid under the Plan from June 11, 1997 through November 20, 2006, but then benefits were discontinued by CNA and Hartford.

12. Plaintiff appealed CNA and Hartford's discontinuation.

13. By letter dated August 11, 2006, CNA and Hartford denied plaintiff's final appeal.

14. Plaintiff has complied with and exhausted all administrative appeals under the Plan.

## COUNT I

15. Under the terms of the Plan, a disabled participant is entitled to a monthly benefit equal to 66 2/3% of pre-disability earnings.

16. From June 16, 1996, plaintiff has been totally disabled within the meaning of the Plan.

17. From June 16, 2006, plaintiff has not worked and has had no earnings.

18. CNA and Hartford's determination that plaintiff is not totally disabled within the meaning of the Plan is contrary to the terms of the Plan, contrary to the medical evidence, unreasonable, and arbitrary and capricious.

19. Upon information and belief, CNA and Hartford have a conflict of interest.

20. Upon information and belief, CNA and Hartford's determination of plaintiff's claim for benefits was affected by their conflict of interest.

21. Under Section 502(a)(1)(B) of ERISA, 29 U.S.C. §1132(a)(1)(B), plaintiff is entitled to recover disability benefits under the Plan that have not been paid to date and those that will become due in the future.

## COUNT II

22. Plaintiff repeats and realleges the allegations of paragraphs 1 through 21 above.

23. By reason of CNA and Hartford's failure to pay plaintiff long term disability benefits as due under the terms of the Plan, plaintiff has been forced to retain attorneys to recover such benefits, for which plaintiff has and will continue to incur attorney's fees. Plaintiff is entitled to recover reasonable attorney's fees and the costs of this action, pursuant to Section 502(g)(1) of ERISA, 29 U.S.C. §1132(g)(1).

WHEREFORE, plaintiff demands judgment against CNA and Hartford:

A. For the amount of all long term disability benefits due under the terms of the Plan that have not been paid, together with interest thereon;

B. Clarifying and declaring that the Plan is obligated to pay plaintiff long term disability benefits in the future as required by the Plan;

C. For the costs of this action and plaintiff's attorney's fees, pursuant to Section 502(g) of ERISA, 29 U.S.C. §1132(g); and

D. For such other and further relief as may be deemed just and proper by the Court.

Dated: New York, New York
June 18, 2007

                    RIEMER & ASSOCIATES LLC
                    Attorneys for Plaintiff
                    60 East 42nd Street, Suite 2430
                    New York, New York 10165
                    (212) 297-0700

                    By:_____
                        Scott M. Riemer (SR5005)