UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CRAIG FASHBAUGH<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CONTINENTAL ASSURANCE COMPANY<br>AND HARTFORD LIFE AND ACCIDENT<br>INSURANCE COMPANY,<br><br>　　　　Defendants. | Case No. 07-CV-5791 |

## ANSWER

Defendants, Continental Assurance Company and Hartford Life and Accident Insurance Company (collectively "Continental and Hartford"), by their attorneys, Drinker Biddle & Reath LLP, hereby answer the Complaint of Plaintiff Craig Fashbaugh ("Plaintiff") as follows:

1.　　Admit the allegations of paragraph 1. Continental and Hartford deny Plaintiff's claims have merit or that he is entitled to any of the relief sought.

2.　　Admit the allegations of paragraph 2 that this Court has jurisdiction over this matter, but state further that the allegations of paragraph 2 state conclusions of law and to the extent they misstate the law in any manner, they are denied. To the extent, if any, the allegations of paragraph 2 constitute averments of fact, they are denied. Continental and Hartford also deny Plaintiff's claims have merit or that he is entitled to any relief.

3.　　As to the allegations of paragraph 3, Plaintiff states conclusions of law to which no response is required. To the extent, if any, the allegations of paragraph 3 constitute

averments of fact, they are denied. Continental and Hartford also deny this district is the most convenient venue.

4. As to the allegations of paragraph 4, Continental and Hartford state the "Plan" is an undefined term in the Complaint and are therefore without knowledge or information sufficient to form a belief as to the truth of those allegations. Continental and Hartford admit, however, that Plaintiff was a participant in an employee welfare benefit plan (the "Plan") which was funded by a group long term disability insurance policy issued by Continental Assurance Company. Continental and Hartford assume that Plaintiff is referring to the welfare benefit plan maintained by Plaintiff's employer and shall hereafter respond on the basis of that assumption.

5. As to the allegations of paragraph 5, Plaintiff states conclusions of law to which no response is required. To the extent, if any, the allegations of paragraph 5 constitute averments of fact, they are denied.

6. As to the allegations of paragraph 6, Plaintiff refers to the terms of the Plan, which speak for themselves, and to the extent the allegations paraphrase or characterize the terms of the Plan, they are denied. Moreover, the Plaintiff states conclusions of law to which no response is required. To the extent, if any, the allegations of paragraph 6 constitute averments of fact, they are denied.

7. Admit the allegations of paragraph 7.

8. Admit the allegations of paragraph 8.

9. Admit the allegations of paragraph 9.

10. Deny the allegations of paragraph 10. On June 11, 1996, Plaintiff was rendered disabled within the meaning of the applicable short term disability plan. Continental and

Hartford are without knowledge or information sufficient to form a belief as to Plaintiff's underlying cause of disability. Continental and Hartford deny Plaintiff remains totally disabled.

11. As to the allegations of paragraph 11, Continental and Hartford admit benefits were paid for the period from June 11, 1997 to November 20, 2006. Continental and Hartford deny the remainder of the allegations of paragraph 11.

12. As to the allegations of paragraph 12, Continental and Hartford admit Plaintiff appealed Hartford's discontinuation. Continental and Hartford deny the remained of the allegations of paragraph 12.

13. As to the allegations of paragraph 13, admit that Hartford denied Plaintiff's appeal. Continental and Hartford deny all remaining allegations.

14. Admit the allegations of paragraph 14.

15. As to the allegations of paragraph 15, the Plan speaks for itself and to the extent the allegations paraphrase, misstate or mischaracterize the Plan language, the allegations are denied.

16. Deny the allegations of paragraph 16. Plaintiff states conclusions of law to which no response is required. To the extent, if any, the allegations of paragraph 16 constitute averments of fact, they are denied.

17. As to the allegations of paragraph 17, Continental and Hartford are without knowledge or information sufficient to form a belief as to Plaintiff's employment or earnings.

18. Deny the allegations of paragraph 18.

19. Deny the allegations of paragraph 19.

20. Deny the allegations of paragraph 20.

21. Deny the allegations of paragraph 21.

22. As to paragraph 22, Continental and Hartford hereby incorporate each and every averment contained in the preceding paragraphs as if set forth herein at length.

23. Deny the allegations of paragraph 23.

24. For the unnumbered paragraphs beginning with "WHEREFORE," Continental and Hartford deny Plaintiff's claims have merit or that Plaintiff is entitled to the relief requested.

## AFFIRMATIVE DEFENSES

25. Plaintiff has failed to state a claim upon which relief may be granted.

26. Plaintiff's claim for benefits is barred because he does not meet the definition of Totally Disabled within the meaning of the Plan.

27. Under the terms of the Plan, Plaintiff's claim for benefits, if valid, is subject to an offset against any amounts received by him from other sources, including, but not limited to, any disability benefits awarded by the Social Security Administration.

28. Continental and Hartford's decision to deny Plaintiff's claim for benefits under the Plan was in accordance with the terms and conditions of the Policy. It was reasonable and not an abuse of discretion.

29. Any recovery, if one occurs, is limited to the terms, conditions, limitations, exclusions and other provisions of the Plan.

30. Even if Plaintiff is currently disabled and eligible for benefits under the terms of the Plan, which Continental and Hartford deny, such determination does not mean Plaintiff is

entitled to unlimited future benefits under the Plan given, among other things, the potential of recovery, as well as the effect of different requirements, exclusions and/or limitations thereunder.

31.　To the extent the Complaint is not dismissed, if any, this district should transfer this matter to a more convenient venue as this district is not the most convenient venue.

WHEREFORE, Continental Assurance Company and Hartford Life and Accident Insurance Company hereby request that the Complaint be dismissed and that they be awarded their costs and attorney fees incurred herein.

　　　　　　　　　　　　　　　　　　　　　　**DRINKER BIDDLE & REATH LLP**

October 23, 2007　　　　　　　　　By:　/s/ Stephen Harris
　　　　　　　　　　　　　　　　　　Stephen Harris (N.Y. Bar No. 698807)
　　　　　　　　　　　　　　　　　　One Logan Square
　　　　　　　　　　　　　　　　　　18th & Cherry Streets
　　　　　　　　　　　　　　　　　　Philadelphia, PA 19103-6996
　　　　　　　　　　　　　　　　　　(215) 988-2700

　　　　　　　　　　　　　　　　　　*Attorney for Defendants*
　　　　　　　　　　　　　　　　　　*Continental Assurance Company and*
　　　　　　　　　　　　　　　　　　*Hartford Life and Accident*
　　　　　　　　　　　　　　　　　　*Insurance Company*

## CERTIFICATE OF SERVICE

I hereby certify that this document and any attachments have been sent electronically to the registered participants as notified on the Notice of Electronic Filing, and paper copies will be sent to those indicated as non-registered participants on this 23rd day of October 2007.

Dated: October 23, 2007                    By:    /s/ Stephen Harris
                                                  Stephen Harris (N.Y. Bar No. 698807)
                                                  One Logan Square
                                                  18th & Cherry Streets
                                                  Philadelphia, PA  19103-6996
                                                  (215) 988-2700

                                                  *Attorney for Defendants*
                                                  *Continental Assurance Company and*
                                                  *Hartford Life and Accident*
                                                  *Insurance Company*